IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>KAYLAN M. COPPAGE (03),<br><br>       Defendant. | Case No. 22-20028-03-DDC |

**MEMORANDUM AND ORDER**

Defendant Kaylan Coppage has filed a pro se[1] Motion to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 159. The government filed a Response. Doc. 161. The court concludes it lacks jurisdiction over this motion and thus dismisses it for the following reasons. The court also denies Ms. Coppage's request that the court appoint her counsel.

**I.  Background**

On May 25, 2023, Ms. Coppage entered a guilty plea (Doc. 113) to transporting an individual to engage in prostitution, violating 18 U.S.C. § 2421(a). On July 31, 2023, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 133. Based on Guideline § 2G1.3(a)(4), the PSR determined that Ms. Coppage had a base offense level of 24. *Id.* at 7 (PSR ¶ 22). The PSR added two points under Guideline § 2G1.3(b)(3) because Ms.

---

[1] Because defendant proceeds pro se, the court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Coppage used a computer to solicit people to engage in prohibited sexual conduct with a minor. *Id.* (PSR ¶ 23). Two points were added under § 2G1.3(b)(4) because the offense involved commission of a commercial sex act. *Id.* (PSR ¶ 24). The PSR deducted three points because Ms. Coppage accepted responsibility and timely notified authorities of her intent to enter a plea. *Id.* (PSR ¶¶ 30–31). Based on the 2021 Guidelines Manual, Ms. Coppage had a total offense level of 25. *Id.* (PSR ¶ 32).

Ms. Coppage's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 8 (PSR ¶ 38). "Based upon a total offense level of 25 and a criminal history category of I, the guideline imprisonment range [was] 57 months to 71 months." *Id.* at 11 (PSR ¶ 56). The parties' binding plea agreement recommended a sentence at the low end of the advisory guideline range. Doc. 113 at 4 (Plea Agreement). On September 5, 2023, the court sentenced Ms. Coppage to imprisonment for 17 months and five years of supervised release. Doc. 145 at 2, 3.

Ms. Coppage asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to her September 2023 sentence and reduces her offense level by two levels. Doc. 159 at 2. The court's analysis, below, addresses Ms. Coppage's motion, beginning with the governing legal standard.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1)  on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;

2

(2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or

(3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Ms. Coppage asks the court to modify her sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 159.

Effective November 1, 2023, Amendment 821 Part B created § 4C1.1, which lowers the offense level by two levels for certain defendants with zero criminal history points. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

>   (10)   the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

### III.     Analysis

Ms. Coppage is a zero-point offender. *See* Doc. 133 at 8 (PSR ¶ 38). But she loses her bid for a reduced sentence at subsection (a)(5) of § 4C1.1, which requires that "the instant offense of conviction is not a sex offense[.]" U.S. Sent'g Guidelines Manual § 4C1.1(a)(5) (U.S. Sent'g Comm'n 2023). "'Sex offense' means . . . an offense, perpetrated against a minor, under . . . chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual[.]" *Id.* § 4C1.1(b)(2). Ms. Coppage was convicted of transporting an individual to engage in prostitution, violating 18 U.S.C. § 2421(a)—a crime within Chapter 117 of Title 18, and thus, a sex offense. Doc. 113 at 6 (PSR ¶ 17). While Ms. Coppage received a sentence enhancement for using a computer "to solicit people to engage in prohibited sexual conduct with the minor," her offense extended beyond transmitting information. *Id.* at 7 (PSR ¶ 23). Ms. Coppage "picked up Victim (age 17) from her place of residence in Raytown, Missouri and returned with her to . . . Kansas City, Kansas. Coppage knew the reason for transporting the victim to Kansas was for her to engage in prositutition and make money for the group." *Id.* at 5 (PSR ¶ 13). Indeed, Ms. Coppage's motion acknowledges that her offense is a sex offense. Doc. 159 at 4.

In short, the new § 4C1.1 in the Sentencing Guidelines doesn't apply to Ms. Coppage. Because Ms. Coppage's sentencing range remains unchanged, her request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Ms. Coppage's motion (Doc. 159). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant

didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria).

Ms. Coppage's motion also asks the court to appoint her counsel for her Amendment 821 request. Doc. 159. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Our court appointed the Office of the Federal Public Defender to help *eligible* defendants seek relief under Amendment 821. *See* D. Kan. S.O. 23-03. The court forwarded Ms. Coppage's motion to the FPD, Doc. 162, and the FPD declined to enter an appearance, Doc. 163. The court, in its discretion, denies Ms. Coppage's request for counsel. Moreover, no counsel, however talented, could change the immutable fact that dooms her motion, *i.e.*, she's guilty of a sex offense.

## IV.     Conclusion

The court is without jurisdiction to consider Ms. Coppage's current motion. Thus, the court dismisses Ms. Coppage's motion for lack of jurisdiction. The court also denies her request to appoint counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Coppage's Motion to Reduce Sentence (Doc. 159) is dismissed.

**IT IS FURTHER ORDERED THAT** Ms. Coppage's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of August, 2024, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**
